Joseph P. CORBBREY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1159.

United States Court of Veterans Appeals.

Sept. 24, 1992.

As Amended Oct. 2, 1992.

Before KRAMER, Associate Judge.

## ORDER

The Court has reviewed the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, appellant's informal brief, and the record on appeal. Appellant seeks a restoration of a 20% service-connected disability rating for residuals of a fracture of the left knee patella with postoperative arthritis and an increased rating for his mental disorder.

First, in regard to appellant's left knee condition, the Board of Veterans' Appeals (BVA) in its decision of April 24, 1991, mischaracterized the issue as one involving entitlement to an increased rating rather than a reduced rating. *Peyton v. Derwinski,* 1 Vet.App. 282, 286 (1991). Hence, the issue before the Court is whether the reduction in appellant's rating from 20% to 10% was lawful. The record indicates the following: (1) Appellant, who served on active duty from September 1953 to September 1973 (R. at 1), was awarded a 20% service-connected disability rating for his knee condition effective August 1, 1982. R. at 23. (2) In September 1988, appellant re-injured his knee in an automobile accident. R. at 19–20, 27, 47. (3) Appellant has consistently complained of pain in his left knee. R. at 16–17, 27–29, 30–39, 64. (4) On June 10, 1989, appellant's knee was examined by the Department of Veterans Affairs (VA) and his rating, in effect for more than five years, was reduced to 10% effective October 1, 1989. R. at 23, 25, 26.

Upon consideration of the foregoing, the Court notes that the BVA, in reducing appellant's rating, failed to consider and apply 38 C.F.R. § 3.327(a), (b)(2) (1990).

*See Collier v. Derwinski,* 2 Vet.App. 247, 251–52 (1992) (Kramer, J., concurring); *Karnas v. Derwinski,* 1 Vet.App. 308, 312–13 (1991). The Court further notes that, even if § 3.327(a), (b) (1990) were not applicable to appellant, the BVA, in finding that appellant had no limitation of motion in his left knee, failed to address the effect of appellant's complaints of pain on such motion pursuant to 38 C.F.R. §§ 4.40, 4.45, 4.59, 4.71(a), Diagnostic Code 5003 (1991). *See, e.g., Lichtenfels v. Derwinski,* 1 Vet. App. 484, 487–88 (1991); *Schafrath v. Derwinski,* 1 Vet.App. 589, 591–92 (1991); *Amador v. Derwinski,* 2 Vet.App. 499, 500 (1992). Finally, the BVA failed to consider what effect, if any, appellant's intervening auto accident may have had on his knee condition and what part of his knee disorder may be attributed to such accident. *Cf. Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991).

Second, in regard to appellant's claim for entitlement to a increased rating for a mental disorder, the Court observes: (1) While appellant has been rated 50% disabled, effective March 1, 1980, for depressive neurosis under 38 C.F.R. § 4.132, Diagnostic Code 9405 (1991) (Dysthymic disorder), he has been diagnosed, starting at least in 1988, as having schizophrenia by VA Drs. Jolene Star and George K. Schlagenhauf and private Drs. Saul H. Rosenthal and Ernest A. Casillas. R. at 8, 14, 40, 49, 63. However, the BVA failed to discuss the relationship between his past depressive neurosis and his present schizophrenia and whether the schizophrenia is entitled to service connection. *See* 38 C.F.R. §§ 3.303, 3.304, 3.310 (1991). (2) In addition, Dr. Schlagenhauf, in making his diagnosis, stated that he did so without the benefit of reviewing appellant's past medical records. R. at 14. (3) The BVA ignored a report titled "Medical Assessment of Ability to do Work–Related Activities (Mental)" that evaluated appellant's ability to perform gainful work and failed to make a determination of whether appellant could engage in substantially gainful employment. R. at 50–51. *See Webster,* 1 Vet. App. at 159; 38 C.F.R. § 4.16 (1991).

Upon consideration of the above, it is

ORDERED that the BVA decision is vacated and remanded for readjudication consistent with this order. In light of Dr. Schlagenhauf's statement, a new medical examination is to be conducted. All medical records pertaining to appellant in the possession of the VA shall be made available to the examiner. Upon remand, appellant is also free to introduce additional evidence pertaining to his disabilities. It is further

ORDERED that the Secretary's motion is denied.